maintenance and operation of the building, and whether they were reasonable. As to the other items in question, we find that they were properly disallowed by the trial court. The order appealed from is therefore unanimously reversed on the law and on the facts and the proceeding remanded to Special Term for the purpose of taking evidence as to the propriety of the "leasing commissions" item of $1,721.72 and the entry of a new final order upon the completion of said hearing. Costs to abide the event. Settle order. Concur — Botein, P. J., Breitel, Rabin, Frank and McNally, JJ.

■ In the Matter of ELISH SCOTT, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— This is an article 78 proceeding to review a determination of respondent revoking the operator's license of petitioner on the ground that he refused to submit to a chemical test (in this case to blow into a balloon) to determine the alcoholic content of his blood pursuant to section 71-a of the Vehicle and Traffic Law. The sole issue is whether petitioner *refused* to submit to such test. Or, to express it differently, is there substantial evidence to support the respondent's determination? We think not. Petitioner testified that he did try to blow up the balloon but that his false teeth kept getting in his way, that they "came down" and cut off his breath. He had taken two other tests without objection and apparently passed them. The arresting officer testified, when questioned by the referee, that petitioner refused to blow up the balloon. But he testified also when questioned by the referee that petitioner "did try to put the balloon to his lips." And, later, "he said he was not able to." On cross-examination he responded affirmatively when asked "As far as your observation, he attempted to blow into the balloon?" It must be remembered that "refusal" differs and may be distinguished from "inability", especially when the good faith of the petitioner does not seem to have been questioned. Indeed obedience in taking the coin and sobriety tests as directed would seem to negative any question of bad faith. The evidence, in our opinion, does not support the conclusion that petitioner *refused* to submit to such test and therefore the action of respondent may be considered as arbitrary. The determination of the commissioner should therefore be annulled on the law and, without costs, and petitioner's license restored. Settle order. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ LESTER CRAWFORD, as Special Trustee of Local 50, Bakery and Confectionery Workers' International Union of America, et al., Appellants, v. THOMAS NEWMAN et al., Respondents, et al., Defendants.— Order unanimously affirmed, without costs, and without prejudice to a renewal of the motion in the event the defendants-respondents do not proceed expeditiously to trial. Concur — Rabin, J. P., Frank, Valente, McNally and Stevens, JJ.

■ LESTER CRAWFORD, as Special Trustee of Local 51, Bakery and Confectionery Workers' International Union of America, et al., Appellants, v. NATHAN EHRLICH et al., Respondents, et al., Defendants.— Order unanimously affirmed, without costs, and without prejudice to a renewal of the motion in the event the defendants-respondents do not proceed expeditiously to trial. Concur — Rabin, J. P., Frank, Valente, McNally and Stevens, JJ.

■ In the Matter of the Accounting of MELITA R. MENZEL, as Executrix of ERNEST SUNDAY, Deceased, Appellant. MATILDA SUNDAY, Respondent.— Order denying motion to vacate notice of examination before trial reversed in the exercise of discretion, with costs to appellant, and the motion to vacate granted. The notice of examination sought "All relevant facts and circumstances leading up to and involving" $2,700 in U. S. Bonds, Series E, which were payable on death of the decedent to the executrix individually, and a