DAVID J. PICKARD, APPELLANT, V. DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEBRASKA ET AL., APPELLEES.

165 N. W. 2d 96

Filed February 14, 1969. No. 37018.

Lester A. Danielson, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The Director of the Department of Motor Vehicles revoked the driver's license of the appellant for a period of 1 year for refusal to submit to a chemical test under the Implied Consent Law. §§ 39-727.03 to 39-727.12, R. R. S. 1943. On appeal, the district court for Scotts Bluff County affirmed the order. The only issue tried was whether the appellant refused to take the test provided for by the Implied Consent Law.

On March 5, 1966, the appellant, David J. Pickard, was arrested for driving while intoxicated. A friend of the appellant, Thomas O. Lally, was a passenger. Appellant was taken to the police station by Officer Gerald Mowry, and Mr. Lally came along although Lally was not under arrest.

Officer Mowry's testimony was that he arrested the appellant at approximately 4:30 p.m. After they had arrived at the police station, Officer Mowry read the implied consent rules to the appellant. After he had completed the reading of the rules, Officer Mowry asked if he would take the test, and the appellant said he would not. At that time the appellant did not ask to call an attorney. Afterward when the officer started to ask a series of questions from a questionnaire, the appellant said he would not answer any questions until he saw his attorney. Officer Mowry then gave him a telephone. The appellant dialed a number, a voice said "Hello."

Officer Mowry asked: "Aren't you going to answer?" The appellant said: "They don't answer," and hung up. Officer Mowry testified that he asked the appellant to take the test about 5 p.m.; that he was offered the test at least twice after the statement as to the Implied Contest Law was read to him; and that he refused on both occasions. The appellant was booked at 5:22 p.m.

The testimony of the appellant and Mr. Lally was that the original arrest was after 5 p.m., rather than 4:30; that they arrived at the station at approximately 5:20 p.m.; and that the appellant was not asked to take the test until approximately 5:45 p.m. The appellant and Lally testified that at the time of the request, the appellant did not refuse to take the test, but stated he wanted to talk to his lawyer. Lally testified that appellant called the attorney, but he was not in. Lally thereafter called an attorney for the appellant. The attorney arrived a few minutes after 6 p.m., and was there approximately 40 minutes. The appellant was not asked to take the chemical test after the appellant's attorney arrived.

The district court found that the appellant refused to take the test, and that the refusal was not reasonable; and affirmed the order of the Director of Motor Vehicles revoking the operator's license of appellant.

The sole issue here is a factual one of whether the appellant unreasonably refused to take the chemical test. The evidence was in direct conflict. Under the appellant's version, he did not refuse to take the test, but requested an opportunity to consult a lawyer. Under the appellee's version, the appellant affirmatively refused to take the test on at least two occasions after a proper request.

The credibility of witnesses and the weight to be given to their testimony is ordinarily for the trier of facts. The mere number of witnesses is not determinative on a factual issue. Even in an equity case where this court is required to reach an independent conclusion without reference to the findings of the district court, this court

will, in determining the weight of the evidence where there is irreconcilable conflict therein on a material issue, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the other. See Lunzmann v. Yost, 182 Neb. 101, 153 N. W. 2d 294.

In an appropriate factual context, a request for a brief delay in making the decision to accept or refuse the chemical test in order to consult with a lawyer should be granted where the delay is short and does not jeopardize the effectiveness of the test. However, a refusal to take a chemical test does not disappear or become something else because of a later request to consult with a lawyer. The taking of a chemical test authorized by the Implied Consent Law is not ordinarily required to be delayed by a request of the arrested motorist that he be permitted to contact legal counsel. See State v. Oleson, 180 Neb. 546, 143 N. W. 2d 917.

The evidence here amply supports the finding of the district court that the appellant refused to take the chemical test required under the provisions of the Implied Consent Law, and that the refusal was not reasonable. The judgment of the district court is affirmed.

AFFIRMED.

NEWTON, J., concurring.

I concur in the result arrived at in this case but disagree with some of the implications to be found in the foregoing opinion.

The court first states that consultation with a lawyer prior to deciding whether or not to take a test for intoxication must be permitted if it does not jeopardize the effectiveness of the test. It then goes on to say that the taking of such a test "is not *ordinarily* required to be delayed" by a request that the arrested motorist be permitted to contact legal counsel. (Emphasis supplied.)

The obviously ambiguous statements can only result in confusion and uncertainty. They will render law enforcement officials uncertain of the proper method of

procedure and will confuse arrested motorists as to the extent of their rights under such circumstances. In some instances, delays encountered may render the tests ineffective and arrested motorists may deliberately insist upon consulting counsel for that purpose.

There is an attempt here to place the Implied Consent Law on the same footing as "in-custody interrogation" where a request for counsel must be honored. I know of no law to that effect. There is no constitutional right to counsel in taking tests under the Implied Consent Law. See State v. Oleson, 180 Neb. 546, 143 N. W. 2d 917.

WHITE, C. J., and CARTER, J., join in this concurrence.