■ In the Matter of the Claim of PATRICIA F. SCOTT, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— COOKE, J. Appeal from a decision of the Unemployment Insurance Appeal Board filed July 1, 1968, disqualifying claimant from unemployment insurance benefits on the ground that she voluntarily left her employment without good cause. Claimant, a placement manager for the Hallmark Employment Agency from August 29, 1966 until January 5, 1968, wrote a letter dated December 11, 1967 to her employer stating that she did not wish to renew her contract for 1968 according to certain terms of the contract covering the last year of her employment, adding that her tenure had been a very pleasant and rewarding experience. The employer testified that claimant would have been entitled to a new contract if willing to continue working under the same terms as those in effect for the last four months of employment and that, when asked the reason for resigning, claimant stated she was going to stay home for a few months. Claimant related that she had said she wanted to stay home for awhile and that she had wanted more money to continue with the work. What constitutes good cause within paragraph (a) of subdivision 1 of section 593 of the Labor Law is a question of fact, the resolution of which is within the province of the board if supported by substantial evidence (Labor Law, § 623; *Matter of Emple* [*Catherwood*], 29 A D 2d 711; *Matter of Sperling* [*Catherwood*], 20 A D 2d 584, mot. for lv. to app. den. 14 N Y 2d 481) and, on the record here, we cannot disturb the board's determination (cf. *Matter of D'Arcangelis* [*Catherwood*], 29 A D 2d 706; *Matter of Perry* [*Catherwood*], 24 A D 2d 921; *Matter of Weinberger* [*Catherwood*], 22 A D 2d 995). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.

■ In the Matter of HUBERT FOSTER, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— REYNOLDS, J. Proceeding under CPLR article 78 to review and to annul an order of the Commissioner of Motor Vehicles revoking petitioner's motor vehicle operator's license because of his refusal to submit to a chemical blood test (Vehicle and Traffic Law, § 1194). The revocation of petitioner's license must be upheld if supported by substantial evidence (*Matter of Story* v. *Hults,* 27 A D 2d 745, affd. 19 N Y 2d 936; *Matter of Sullivan* v. *Hults,* 27 A D 2d 746). Here the evidence is sufficient to sustain the findings that the police officer who arrested the petitioner had reasonable grounds to believe petitioner was driving while intoxicated, that the arrest was properly made and that petitioner was requested and refused the prescribed test. There is presented no more than conflicting versions of what transpired and particularly whether petitioner was unconscious when he allegedly was requested and refused to take the blood test. Such questions of fact and credibility are within the commissioner's authority to resolve (*Matter of Taylor* v. *Kelly,* 5 A D 2d 931; *Matter of Neet* v. *Hults,* 26 A D 2d 970; *Matter of Shields* v. *Hults,* 26 A D 2d 971) and we cannot say that he was required to accept petitioner's account of what transpired. Nor do we find any additional grounds advanced requiring a reversal of the commissioner's determination and, accordingly, it is confirmed. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Reynolds, J.