ROBERT JOHNSON, APPELLANT, V. EMMETT J. DENNIS, JR., DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

187 N. W. 2d 605

Filed June 4, 1971. No. 37815.

Walter C. O'Neal, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The plaintiff, Robert Johnson, appeals from a judgment affirming the order of the Director of the Department of Motor Vehicles revoking the motor vehicle operator's license of plaintiff under the Implied Consent Act. The question presented is whether the evidence is sufficient to sustain the finding by the trial court that the plaintiff refused to submit to the test provided in section 39-727.03, R. R. S. 1943.

The record shows that the plaintiff was arrested by a state patrolman for operating a motor vehicle while under the influence of alcoholic liquor. He was taken to the sheriff's office at Geneva, Nebraska, and advised that he had the right to an attorney and the right to remain silent. He was also advised concerning the Implied Consent Act and asked if he wanted to give the officer a blood or urine sample. The plaintiff replied that he would give a urine specimen and was handed a bottle by the officer. The plaintiff then said he would

not give a urine sample, handed the bottle back to the officer, and asked to call his attorney. The attorney was called and came to the sheriff's office. The officer again asked the plaintiff if he would give a urine sample or a blood sample. The plaintiff's attorney advised the plaintiff to remain silent and the plaintiff made no reply to the inquiry. No further attempt was made to obtain a specimen.

The plaintiff contends that silence is not a refusal and that the plaintiff had not withdrawn his implied consent to a blood test. As we view the record, the plaintiff withdrew his consent to a blood test when he elected to furnish a urine sample. When he changed his mind and refused to give the urine specimen, his refusal to submit to a test was complete.

The plaintiff argues that the officer should have arranged for a physician to come to the sheriff's office so that an attempt could have been made to withdraw a blood sample from the plaintiff's body. The plaintiff's theory is that the officer should have assumed that the plaintiff would allow a blood sample to be taken and that the plaintiff's silence in the face of a direct inquiry could not be considered a refusal.

Section 39-727.04, R. R. S. 1943, provides that the person arrested may choose the test to be performed. Silence in the face of a direct inquiry as to which test should be administered, under the circumstances in this case, was equivalent to an express refusal to submit to any test. See Buda v. Fulton, 261 Iowa 981, 157 N. W. 2d 336, holding total failure to cooperate equivalent to a refusal. See, also, Blattner v. Tofany, 312 N. Y. S. 2d 173, 34 App. Div. 2d 1066; State v. Pandoli, 109 N. J. Super. 1, 262 A. 2d 41; Campbell v. Superior Court (Ariz.), 479 P. 2d 685; DiSalvo v. Williamson (R. I.), 259 A. 2d 671; Clancy v. Kelly, 180 N. Y. S. 2d 923, 7 App. Div. 2d 820.

Mills v. Swanson, 93 Idaho 279, 460 P. 2d 704, cited by the plaintiff, involved a driver who had been injured

and was dazed. The statutory provision regarding a person who is unconscious or otherwise incapable of refusal, section 39-727.05, R. R. S. 1943, was not applicable here.

The evidence sustains the finding of the trial court that the plaintiff refused to submit to the test required by law. The judgment of the district court is affirmed.

AFFIRMED.