■ In the Matter of the Claim of PAULINE WOHL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 1975, which disqualified claimant from receiving benefits effective June 30, 1974, because she voluntarily left her employment without good cause. The record clearly supports the finding that claimant left her employment for personal and noncompelling reasons. That determination is supported by substantial evidence and should not be disturbed (Matter of Rubinstein [Catherwood], 33 AD2d 950). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of NORMA MILLER, Appellant. INTERNATIONAL MINING CORPORATION, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 17, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she voluntarily left her employment without good cause. There is substantial evidence in the record to support the finding that the claimant left her employment without good cause. What constitutes good cause for the leaving of employment is a question of fact and, if supported by substantial evidence as in the instant case, the finding of the board should not be disturbed (Matter of Scott [Catherwood], 31 AD2d 987). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of JOSEPH A. PENEPENT, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 3, 1975, which affirmed the initial decision of the Industrial Commissioner holding claimant ineligible to receive benefits because he was not available for employment. The board found that claimant's effort to seek employment during the period at issue had "not been diligent and active but * * * merely token", and he was thus not available for employment. This determination is factual, and if supported by substantial evidence, it must be sustained (Matter of Bennett [Catherwood], 33 AD2d 946). The instant record contains solely issues of fact and credibility, and it cannot be said that the board's decision is not sustainable. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.