**9** In the Matter of the Claim of WILLIAM TERRY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 8, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment as a result of his own misconduct. Claimant's employment was terminated for insubordination after repeated warnings for violation of company rules. The board has determined that claimant's activities rise to the level of misconduct as contemplated in *Matter of James (Levine)* (34 NY2d 491). This finding is supported by substantial evidence and, since the issue is a factual determination made by the board, it must be affirmed *(Matter of Lester [Catherwood],* 30 AD2d 1025). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of MERAHTON E. TERRELL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 8, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he voluntarily left his employment without good cause and holding that claimant willfully made a false statement to obtain benefits by reason of which a forfeiture of four effective days was imposed as a penalty. Claimant, a restaurant employee, worked for the new owner of the restaurant for about two months, although he had been employed by the previous owner for a considerable period of time. The record indicates that claimant worked more than 15 hours on New Year's Eve and left about 3:00 A.M. on January 1. The employer alleges that the claimant left to go to a party and stated he would return at 9:00 or 10:00 on New Year's morning to clean up. The claimant alleges he went home because of a toothache. Although this record is confusing, it is clear that claimant did not return to work for at least a week and, on his return, he was discharged. Claimant alleges that he had worked many overtime hours without proper compensation and that the employer refused to communicate with him about the unfair labor conditions and wages. Even conceding such claims, this court must affirm the board if there is substantial evidence to support its findings. The determination of whether claimant had good cause for leaving his employment is a factual one for the board *(Matter of Wohl [Levine],* 49 AD2d 997; *Matter of Kansky [Catherwood],* 27 AD2d 887). There is evidence in this record that after claimant left work on the day in question, he failed to call his employer for one full week. Claimant concedes that no call was made for at least two or three days thereafter. Claimant's application for benefits alleged that he was not working because there was a lack of work and that he was no longer needed. On this record there is substantial evidence to support the board's finding that such statements were false and known to be false and, therefore, claimant is subject to the penalty imposed (Labor Law, § 594; *Matter of Worms [Catherwood],* 28 AD2d 1188). Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.