236 N.J. Super. 510 (1989)
566 A.2d 536
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS F. SHERWIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 30, 1989.
Decided October 24, 1989.
*511 Before Judges KING and GRUCCIO.
Joseph J. Rodgers, argued the cause for appellant (Fineberg & Rodgers, attorneys).
H. Parker Smith, Assistant Prosecutor, argued the cause for respondent (John Corino, Cape May County Prosecutor, attorney).
The opinion of the court was delivered by GRUCCIO, J.A.D.
Defendant Thomas F. Sherwin appeals his conviction in the Law Division on charges of operating a motor vehicle under the *512 influence of alcohol, N.J.S.A. 39:4-50, and refusing to take a breathalyzer test, N.J.S.A. 39:4-50.2. He had previously been convicted in the Stone Harbor Municipal Court on these charges. On this appeal defendant contends:
1. An individual who has been read his Miranda rights and remains silent when asked whether he will submit to a breathalyzer test cannot be deemed to have refused such a request.
2. The finding of the municipal court, that the defendant was operating a motor vehicle while under the influence of alcohol, is not supported by the weight of the evidence in this case.
On June 20, 1988, at about 1:19 a.m., Patrolman French of the Stone Harbor Police Department observed defendant's vehicle traveling northbound on Third Avenue without illuminated headlights. The officer activated the overhead police vehicle lights. Defendant did not stop, but continued to drive at a fairly constant speed. After driving four or five blocks, he stopped at a stop sign and then proceeded through the intersection. The officer activated his siren and radioed for assistance. Still defendant did not pull over. Ultimately, he pulled into the driveway of his residence, jumped out of the vehicle and ran to the door of the house. A brief struggle ensued after which the officers placed defendant under arrest and read him his Miranda warnings.
The officer noted that defendant's appearance was disheveled, his eyes were bloodshot and watery and there was a strong odor of alcohol on his breath. Defendant did not recite the alphabet or perform non-verbal, psycho-physical tests when requested to do so. He was transported to the Stone Harbor Police Department where he was again given Miranda warnings and read the breathalyzer refusal form.[1] In sum, this informed defendant that he was required to submit to a breathalyzer test under New Jersey law; that the Miranda warning and his right to remain silent do not apply to the taking of breath samples, and that he did not have a right to refuse to *513 give or delay the giving of a breath sample, nor did he have the legal right to have an attorney, physician, or anyone else present for the taking of the breath samples. This warning also informed defendant that if he refused to submit to the test he would be issued a separate summons for violation of N.J.S.A. 39:4-50.2 in addition to any summons for operation of a motor vehicle while under the influence. Defendant did not respond and was read the following:
I have previously informed you that the warnings given to you concerning your right to remain silent and right to consult with an attorney do not apply to the taking of breath samples and do not give you a right to refuse to give, or to delay giving, samples of your breath for purposes of conducting chemical tests to determine the content of alcohol in your blood. If you either (1) do not respond to my question about submitting breath samples, or (2) tell me that you refuse to answer this question because you have a right to remain silent or first wish to consult with an attorney, physician or any other person, or (3) tell me that you will not submit breath samples because you have a right to remain silent or first wish to consult with an attorney, physician or any other person, you will be charged with refusing to submit to breath tests, a violation of N.J.S.A. 39:4-50.2.
Once again, I ask you will you submit to giving samples of your breath?
Defendant still did not respond. Thereafter defendant was charged with the offenses of which he was convicted in the municipal court.
Defendant appealed to the Law Division. After a trial de novo on the record, Judge Perskie found there was sufficient credible evidence that defendant operated a motor vehicle under the influence of alcoholic beverages and that he refused to take the breathalyzer test. With regard to the violation of the consent statute, Judge Perskie found that silence, in and of itself, does not always indicate refusal. He found that it must be proven defendant heard the statement that he was required to take the test and that, in the context of all of the circumstances, his silence constituted a refusal. In concluding that defendant's silence in this case amounted to a refusal, Judge Perskie said:
I am satisfied that the defendant heard and understood the statement that he had an obligation to take it and I am not satisfied that the police had an obligation to, if not tie him on, to put the hose in his hand or in his mouth, I do *514 not think that is required. I think that silence can be refusal and it may not be refusal, depending on the specific facts of the case. Here I'm satisfied, given his knowing attempt to avoid apprehension, given his resisting arrest, that he had sufficient awareness of his circumstances to know what he was doing and his silence under these circumstances in my view constitutes a refusal and I so conclude.
We first observe from our view of the record that Judge Perskie was entirely correct in holding that there was sufficient credible evidence in the record to conclude that defendant was guilty of operating a vehicle in violation of N.J.S.A. 39:4-50. We have no warrant to reverse determinations of credibility or other findings of a trial court where they could reasonably have been reached on sufficient credible evidence in the record. State v. Johnson, 42 N.J. 146, 162 (1964).
This brings us to the principal issue, that is, whether under the circumstances of this case defendant's silence constituted a refusal to submit to a breathalyzer test. We find it did and affirm.
New Jersey has taken a premier position in its fight to remove the intoxicated driver from its highways. Its method is simple, fair and swift adjudication of those accused of driving while intoxicated. In response to the carnage caused by the drunken driver, New Jersey, together with all the other states and the District of Columbia, has enacted implied consent laws. See "Implied Consent Laws," 12 Rutgers L.Rev. 99 (1980). These laws, as does ours in New Jersey, provide that all who operate motor vehicles on the public streets and highways impliedly consent to the taking of breath samples for the purpose of determining the content of alcohol in the driver's blood. State v. Wright, 107 N.J. 488, 492 (1987). Our statute provides:
Any person who operates a motor vehicle on any public road, street or highway or quasi-public area in this State shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood provided, however, that the taking of samples is made in accordance with the provisions of this act and at the request of a police officer who has reasonable grounds to believe that such person has been operating a motor vehicle [while under the *515 influence of an intoxicating liquor, narcotic, hallucinogenic, or habit-forming drug]. [N.J.S.A. 39:4-50.2(a)].
Significantly, section (e) of N.J.S.A. 39:4-50.2 prohibits the use of force in compelling a suspect to take a breathalyzer test. The statute also requires police officers to inform persons arrested for driving while intoxicated of the consequences of failure to submit to a breathalyzer test. N.J.S.A. 39:4-50.2(e); see also Appendix 1, paragraphs 6-9. Moreover, a suspect is warned that there is no legal right to refuse. State v. Macuk, 57 N.J. 1, 15 (1970); see also Appendix 1, paragraph 4. It is apparent that there is logic in allowing a defendant to refuse the test, for otherwise violence and harm may result to the officers and defendant in the course of the forcible administration of the test to those arrested for driving while intoxicated. Bush v. Bright, 264 Cal. App.2d 788, 790, 71 Cal. Rptr. 123, 124 (Cal.Ct.App. 1968). Defendant contends that his silence could not be construed as a refusal unless he actually was brought to the machine, the officers prepared it, handed him the hose and instructed him to blow into it. We disagree.
Our courts in New Jersey have not directly addressed the issue of whether silence in response to a request to give a breath sample can constitute refusal. Defendant urges us to adopt the position taken in some of our sister states to the effect that silence does not constitute refusal. Mills v. Swanson, 93 Idaho 279, 460 P.2d 704 (1969) (holding where statute required express refusal and defendant was injured and dazed, silence cannot be construed as refusal); State v. Bock, 80 Idaho 296, 328 P.2d 1065, 1073 (1958) (stating, in dicta, that when one neither specifically refuses nor consents, he will not be deemed to have refused); Commonwealth of Ky. v. Hayden, 484 S.W.2d 97 (Ky. 1972) (holding request to take test must be "firm and positive" and preparations for test might be necessary for court to find request was made); Commonwealth of Pennsylvania v. Guarino, 19 Pa.Commw. 104, 339 A.2d 861 (1975) (holding failure to transport defendant to site of breathalyzer equipment rendered police officer's request that defendant submit *516 to test invalid). We find these cases unpersuasive and the Mills case distinguishable since there defendant was injured and her injuries apparently caused her not to respond. Mills, 460 P.2d at 706. The other cases rest on super-technical reasoning which we find bordering on absurdity.
While we concede there may be instances where a properly developed record may demonstrate circumstances which would lead a reasonable fact-finder to determine that silence, in and of itself, does not equate to refusal, this is clearly not the case here. Our review of the totality of the circumstances and Judge Perskie's reasoning and conclusions on the de novo appeal convince us that defendant's contention concerning silence is without merit.
Defendant, after being given his Miranda warnings, chose to remain silent throughout the questioning. When asked to perform both verbal and non-verbal, psycho-physical tests he remained silent and seated, and did not perform the tests. The officer then asked defendant to take the breathalyzer test and read him the required refusal form. Defendant once again remained silent. We have previously held that "anything substantially short of an unqualified, unequivocal assent to the officer's request that the arrested motorist take the test constitutes a refusal to do so." State v. Pandoli, 109 N.J. Super. 1, 4 (App.Div. 1970). The record before us supports the conclusion that defendant's uncooperative behavior was a refusal in fact and justified the police officer's decision not to prepare the breathalyzer.[2]
Not to view defendant's silence as a refusal would defeat the purpose of N.J.S.A. 39:4-50.2. It would require police officers, *517 when confronted with silence, to set up the breathalyzer, lead the suspect to the machine and hold the hose to his mouth, possibly necessitating the use of force. Moreover, given the finding that this defendant attempted to avoid apprehension, resisted arrest and was apparently quite aware of what he was doing, the officers were more than justified in interpreting his silence as a refusal.
Defendant next contends that after being given his Miranda warning and "implied consent" warnings he was confused. The Miranda warnings state that a defendant has the right to remain silent and the right to consult with an attorney; the "implied consent" warnings specifically inform the suspect that the right to remain silent and the right to consult with an attorney do not apply to the taking of breath tests. State v. Leavitt, 107 N.J. 534, 535 (1987); See also Appendix 1, paragraph 4. The inconsistent nature of the warnings may cause a suspect to be confused. Some jurisdictions have held that where the suspect is confused by these conflicting warnings and refuses to take the breathalyzer, he should not suffer the consequences. Cf. Wethern v. Orr, 271 Cal. App.2d 813, 76 Cal. Rptr. 807 (Ct.App. 1969) (holding where defendant is not told that his Miranda rights are inapplicable to his decision about taking a blood-alcohol test, refusal does not violate implied consent law). These jurisdictions recognize this defense, known as the "confusion doctrine."[3]
Our supreme court in Leavitt recognized that, despite the best efforts of police officers, some confusion may remain. Leavitt, 107 N.J. at 542. The court, however, found it unnecessary to the disposition of that case to resolve the issue of whether a defendant may validly assert confusion as a defense. The court stated that if the "confusion doctrine" were accepted, *518 it "would have to be premised on a record developed by a defendant to show that he had indeed been confused." Ibid.
In the present case defendant has failed to establish confusion. Defendant was given his Miranda warnings at the time of arrest and again at the station. Prior to the breathalyzer test the officer read the required refusal form to defendant. The refusal form is written in clear, concise, easy-to-understand English. After defendant failed to respond to the request for a breath sample, a second warning was given. This second warning re-emphasized the fact that the right to remain silent did not give defendant the right to refuse to give samples of his breath. This simple statement of defendant's rights would have been unlikely to lead to confusion. Defendant here has failed to offer any shred of affirmative evidence of his asserted "confusion" upon hearing the refusal warnings, much less carried his burden of persuasion on the issue. He did not testify at trial. Leavitt, 107 N.J. at 542. Like the supreme court in Leavitt, we decline to resolve the issue of whether a defendant may validly invoke the "confusion doctrine" in this State because the record here does not support the asserted claim.
Affirmed.

APPENDIX 1

BREATHALYZER REFUSAL FORM

ARRESTING OFFICER MUST READ THE FOLLOWING TO THE DEFENDANT
I have probable cause to believe you have operated a motor vehicle while under the influence of intoxicating liquor or drugs. Therefore, I inform you that:
1. You have been arrested for operating a motor vehicle while under the influence of intoxicating liquor or drugs.
*519 2. You are required by law, N.J.S.A. 39:4-50.2 to submit to the taking of samples of your breath for the purpose of conducting chemical tests to determine the content of alcohol in your blood.
3. A record of the taking of the samples, including the date, time and results, will be made and, upon your request, a copy of that record will be made available to you.
4. The warnings previously given you concerning your right to remain silent and right to consult with an attorney do not apply to the taking of breath samples and do not give you the right to refuse to give, or to delay giving, samples of your breath for the purpose of conducting chemical tests to determine the content of alcohol in your blood. You have no legal right to have an attorney, physician, or anyone else present, for the purpose of taking the breath samples. If you refuse to give the required breath samples, your refusal will be used against you on a charge of refusing to submit to breath tests, a violation of N.J.S.A. 39:4-50.2.
5. After you have provided samples of your breath for chemical testing, you have the right to have a person or physician of your own selection, and at your own expense, take independent chemical tests of your breath, urine or blood.
6. If you refuse to provide samples of your breath for the purpose of conducting chemical tests to determine the content of alcohol in your blood, you will be issued a separate summons charging you with a violation of N.J.S.A. 39:4-50.2 in addition to any summons issued to you for operating a motor vehicle while under the influence of intoxicating liquor or drugs.
7. If a Court of law finds you guilty of refusing to submit to chemical tests of your breath, then according to N.J.S.A. 39:4-50.4a you will be fined a sum of not less than $250.00 or more than $500.00 and your right to operate a motor vehicle shall be revoked by the Court for six (6) months. However, if your refusal is in connection with a subsequent offense under this section your current refusal conviction will subject you to a fine *520 of not less than $250.00 or more than $500.00 and your right to operate a motor vehicle shall be revoked by the Court for two (2) years.
8. Revocation for refusing to submit to chemical tests of your breath is a separate offense and will run consecutively and in addition to any revocation imposed for operating a motor vehicle while under the influence of intoxicating liquor or drugs.
9. In addition, if you are found guilty and your right to operate a motor vehicle is revoked for refusing to submit to chemical tests of your breath, you must satisfy the requirements of a program of alcohol education or rehabilitation.
10. I, repeat you are required by law to submit to the taking of samples of your breath for purposes of conducting chemical tests to determine the content of alcohol in your blood.
Now, will you submit the samples of your breath?
Answer NO RESPONSE

APPENDIX 2
IF DEFENDANT REMAINS SILENT OR STATES HE/SHE REFUSES TO ANSWER ON THE GROUNDS THAT HE/SHE HAS A RIGHT TO REMAIN SILENT OR THAT HE/SHE FIRST WISHES TO CONSULT AN ATTORNEY, PHYSICIAN, OR OTHER PERSON, THE ARRESTING OFFICER SHALL READ THE FOLLOWING:
I have previously informed you that the warnings given to you concerning your right to remain silent and right to consult with an attorney do not apply to the taking of breath samples and do not give you a right to refuse to give, or to delay giving, samples of your breath for purposes of conducting chemical tests to determine the content of alcohol in your blood. If you either (1) do not respond to my question about submitting breath samples, or (2) tell me that you refuse to answer this question because you have a right to remain silent or first wish to consult with an attorney, physician or any other person, or (3) tell me that you will not submit breath samples because you *521 have a right to remain silent or first wish to consult with an attorney, physician or any other person, you will be charged with refusing to submit to breath tests, a violation of N.J.S.A. 39:4-50.2.
ONCE AGAIN, I ASK YOU WILL YOU SUBMIT TO GIVING SAMPLES OF YOUR BREATH?
Answer NO RESPONSE
NOTES
[1] This form is reproduced in its entirety as Appendices 1 and 2 of this opinion.
[2] Of special significance to our finding that defendant's silence amounted to a refusal is the second warning given after his failure to respond to the first. The officer stated, "[i]f you ... do not respond to my question about submitting breath samples ... you will be charged with refusing to submit to breath tests...." See Appendix 2. Silence in the face of such a warning should be equated to an affirmative refusal.
[3] For a detailed analysis of the impact of the confusion doctrine upon the right of the accused to legal counsel, see Walker, The Due Process Right to Counsel in Consideration of the Confusion Doctrine, New Jersey Trial Lawyer 17 (October 1989).