Justice W. JONES,
concurring in part and dissenting in part.
I concur with the majority’s holding regarding the motion to dismiss; however, I respectfully dissent from the majority’s conclusion that an individual’s refusal to submit to a breath test serves to withdraw his or her implied consent to evidentiary testing generally. I believe an individual’s refusal to submit to a specific evidentiary test pertains only to that specific test and does not serve to withdraw implied consent to other methods of evidentiary testing, I agree with Judge Gratton’s dissent in the Idaho Court of Appeals decision. In the present case it is clear that Eversole refused to submit to a breath test; however, there is no indication that Eversole refused to submit to a blood test. Therefore, I disagree with the majority’s conclusion that Eversole withdrew his implied consent to submit to a blood test.
In Mills v. Swanson, this Court analyzed whether silence amounts to a refusal to submit to the chemical testing of blood in order to determine blood alcohol content. 93 Idaho 279, 280, 460 P.2d 704, 705 (1969). The Mills Court cited State v. Bock, stating: “By operating a motor vehicle in this state the defendant is deemed to have given his consent to a chemical test. The only way he can withdraw that consent is to expressly refuse the test.” Mills, at 281, 460 P.2d at 705 (quoting State v. Bock, 80 Idaho 296, 308, 328 P.2d 1065, 1072 (1958) (internal quotations omitted)). The Mills Court continued, defining “expressly” as “in direct or unmistakable terms” and “declared and not merely left to implication.” Mills, at 281, 460 P.2d at 705 (citing Webster’s Third New International Dictionary (Unabridged); Black’s Law Dictionary 692 (Revised 4 ed.1968); Magone v. Heller, 150 U.S. 70, 14 S.Ct. 18, 37 L.Ed. 1001 (1893); City & County of San Francisco v. Western Air Lines Inc., 204 Cal.App.2d 105, 22 Cal.Rptr. 216 (1962)). Ultimately, the Mills Court concluded “that where an individual has neither refused nor consented ... it cannot be said that there was an express refusal to take the test.” Mills, 93 Idaho at 280, 460 P.2d at 705.
In this case, the majority extends the Mills holding too far. Eversole withdrew his implied consent to submit to the breath test in direct and unmistakable terms. He did not withdraw his implied consent as to any other evidentiary test, yet the majority concludes that his specific refusal as to the breath test implies a refusal as to evidentiary testing in general. Such a holding contradicts the Mills Court’s direction that a refusal cannot be left to implication.
Furthermore, the majority claims that because evidentiary testing under Idaho Code section 18-8002 refers to an aggregate of methods, a refusal of one test constitutes a refusal to evidentiary testing in general. I cannot support such a conclusion. The definition of evidentiary testing, to which the majority cites, is “a procedure or test or series of procedures or tests utilized to determine the concentration of alcohol ... in a person.” I.C. § 18-8002A(e). The majority claims this definition lumps all the tests together as evidentiary testing in the aggregate rather than referring to individual tests; therefore, the majority claims, a refusal to submit to a specific evidentiary test withdraws implied consent to submit to evidentia-ry testing in general. Such a conclusion ignores the fact that Idaho Code section 18-8002A(e) clearly defines evidentiary testing in both singular and plural terms. The statement that evidentiary testing does not refer to individual tests is incorrect. After all, there is a clear difference between a request to submit to evidentiary testing in *246 the aggregate and a request to submit to a specific evidentiary test. Here, the police officer requested Eversole to submit to a specific evidentiary test; thus, Eversole’s refusal only pertained to that specific test. If the police officer had requested Eversole to submit to evidentiary testing in the aggregate it would be correct to hold that Ever-sole’s refusal withdrew his implied consent as to all evidentiary testing. However, that is not the case here.
Separately, we should not assume that refusing a specific test equates to a refusal as to all tests. There are a variety of reasons why an individual would refuse to submit to a blood test but consent to a breath test, or vice versa. An individual concerned with the accuracy of evidentiary tests may consent to a blood test but not a breath test, as the blood test is more accurate than a breath test. Alternatively, an individual who does not trust law enforcement may consent to a blood test but not a breath test, as the breath test is conducted and recorded by a police officer while the blood test is conducted and recorded by hospital staff. Additionally, an individual may consent to a breath test but not a blood test on the basis that a blood test is too intrusive and presents the risk injury caused by a contaminated needle. Accordingly, I believe an individual’s refusal as to a specific evidentiary test should be interpreted as a refusal as to that evidentiary test only.
In sum, a refusal to submit to evidentiary testing must be declared in direct terms rather than left to implication. It cannot be assumed that an individual who would refuse one evidentiary test would not submit to others. Further, there is no valid statutory basis for grouping individual tests, as eviden-tiary testing is defined in both singular and plural terns. Therefore, I dissent from the majority’s holding regarding the motion to suppress.