■ In the Matter of the Claim of SANDRA BENNETT, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— COOKE, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 5, 1968, which determined (1) that claimant was ineligible to receive benefits effective from July 19, 1967 through September 3, 1967, because she was unavailable for employment during said time, and (2) that claimant was overpaid. in benefits for said period and that the overpayment was recoverable.

There was an initial determination of unavailability as of September 4, 1967. Claimant admitted more than once that she did not actively seek work during the period in question. Whether a claimant's efforts to secure employment are sufficiently diligent to satisfy the statutory requirement of availability is a question of fact to be determined by the board and its determination, if rendered upon substantial evidence, must be sustained (Labor Law, § 591, subd. 2; *Matter of Forsyth [Catherwood]*, 31 A D 2d 707; *Matter of Ga Bauer [Catherwood]*, 28 A D 2d 1043; *Matter of Knobloch [Catherwood]*, 28 A D 2d 765). The record fully supports the finding that the claimant failed to seek employment with reasonable diligence (cf. *Matter of Guilshan [Catherwood]*, 32 A D 2d 707). Although claimant was advised on July 18, 1967 that she was required to seek work actively to be eligible for benefits and to keep a list of all employers contacted, the evidence demonstrates that she neither sought work actively nor kept such a list. While claimant stated on July 3, 1967 that she got a job with Benton Industrial through a New York Times advertisement, the concern was completely owned by her husband. On occasions in July of 1967 claimant stated that she was prepared to take a full time job and that she was ready, willing and able to work full time, but she testified before the Referee that she would have accepted part time employment during that summer. Where a review of a prior determination allowing benefits results in their denial, a claimant may not retain them unless they were accepted by him in good faith (Labor Law, § 597, subd. 4; *Matter of Teitlebaum [Catherwood]*, 26 A D 2d 711), the determination of credibility being within the board's province (*Matter of Marchena [Catherwood]*, 31 A D 2d 774; *Matter of Ianitzky [Catherwood]*, 24 A D 2d 1043; *Matter of Perry [Catherwood]*, 24 A D 2d 921). We cannot say as a matter of law that the board erred. Decision affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.