■ In the Matter of MICHAEL J. FAHY, Petitioner, v MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which found petitioner liable for deficiencies in personal income taxes for the years 1969, 1970 and 1971 and in unincorporated business taxes for the years 1969, 1970 and 1971 and assessed penalties thereon. This proceeding arises from petitioner's refusal to pay personal income taxes and unincorporated business taxes. Petitioner bases such refusal primarily on the grounds that New York State moneys are expended in aid of abortion which is repugnant to his religious beliefs and that Federal reserve notes, which are presently the mode of exchange in the United States, are not "dollars" pursuant to the Tax Law and, consequently, petitioner had no reportable income. We find no merit in either of these contentions or in the other arguments urged by petitioner to annul respondent's determination. The distinction between freedom of religious beliefs and the practice thereof is well settled (Cantwell v Connecticut, 310 US 296) and needs no further comment by us. It is equally well settled that the Federal Government's promise to pay is equivalent in value to the requirements of the coinage acts. (Knox v Lee, 79 US 457.) Respondent's determination, therefore, is confirmed. Determination confirmed, and petition dismissed, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of the Claim of MARSHA BLITSTEIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board filed December 5, 1974, which reversed the decision of the referee and sustained the initial determination of the Industrial Commissioner holding claimant ineligible because she was not available for employment. The record presented a factual issue as to whether or not claimant's efforts toward employment were of sufficient diligence and vigor to satisfy the statutory requirement of availability. Such a determination is to be made by the board, and its determination must be sustained if it is rendered upon substantial evidence (Matter of Bennett [Catherwood], 33 AD2d 946). We find such evidence in this record. Decision affirmed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.