■ In the Matter of the Claim of JOSEPH M. VAN SUCH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 26, 1975, which affirmed the decision of a referee disqualifying claimant from receiving benefits effective August 16, 1974, upon the ground that the claimant lost his employment through his own misconduct. Admittedly, the claimant failed to complete a vitally important assignment and, yet, signed the prescribed form indicating that he had performed the assignment. Such behavior, under the present circumstances, constituted misconduct, and the board's decision should be affirmed. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Main and Reynolds, JJ., concur; Koreman, J., dissents and votes to reverse in the following memorandum. Koreman, J. (dissenting). Claimant, an employee of a bank, was assigned to open the cash drawer of each teller at the end of the work day to verify that all cash and securities had been put in the safe. He failed to check the drawer of one of the tellers who was still busy while he was doing the other checking. When that teller completed her duties, claimant forgot that he had not checked that drawer and neglected to do so, but signed a form reciting among other things that he had checked all of the cash drawers. It was subsequently ascertained that $11,000 had been left in that drawer overnight. When claimant was questioned concerning the incident, he did not deny it but attributed it to the fact that he had been in a hurry to leave as it was late in the evening. The board found that this failure on the claimant's part was of such gross negligence as to constitute misconduct. It is my opinion that claimant was careless and that his actions did not constitute misconduct. Accordingly, in my view, the record does not contain substantial evidence to sustain the board's finding.

■ In the Matter of the Claim of FRANCES C. SCHNEIDER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 8, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective June 24, 1974 on the ground that she was not available for employment. Substantial evidence supports the board's finding of unavailability during the relevant period of time. The determination of credibility is within the board's province (Matter of Bennett [Catherwood], 33 AD2d 946, 947). Decision affirmed, without costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of LILLIAN Y. BICKMAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 20, 1974, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective July 13, 1974 because she voluntarily left her employment without good cause. Substantial evidence supports the board's finding that claimant voluntarily left her employment without good cause. The conflicts in the testimony of the claimant and the employer were for the board to resolve. The determination of credibility is within the board's province (Matter of Rubinstein [Catherwood], 33 AD2d 950). Decision affirmed, without costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.