■ In the Matter of the Claim of ROBERT KANTOR, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 4, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective January 20, 1975 because he was not available for employment. The board found that claimant, who retired from the United States Postal Service at the age of 67 and who was receiving social security benefits, had failed to make an active, realistic and diligent search for employment and, consequently, was ineligible for benefits (Labor Law, § 591, subd 2). We conclude that the board's finding that claimant's efforts to secure employment were not sufficiently diligent to satisfy the statutory requirement of availability for employment is supported by substantial evidence and, therefore, must be sustained (Matter of Fisher [Levine], 36 NY2d 146; Matter of Bennett [Catherwood], 33 AD2d 946). Decision affirmed, without costs. Greenblott, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of VICTOR R. TORRES, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 15, 1975, which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective November 6, 1974 because he lost his employment through misconduct in connection therewith. The employer submitted evidence that the claimant was often late for work and would leave early and that he had been warned on numerous occasions as to his conduct. While the claimant offered excuses to justify his conduct, the board was not bound to accept such testimony and concluded that on the credible evidence the action of the employer was justified. Such factual findings are within the exclusive jurisdiction of the board. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.