■ In the Matter of the Claim of RAYMOND MASRI, Appellant. NEW YORK TELEPHONE COMPANY, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 15, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct. There is substantial evidence in this record to support the determination of the board that claimant's activities during the course of his employment rise to the level of misconduct as contemplated by Matter of James (Levine) (34 NY2d 491), and, accordingly, we must affirm (Matter of Arcicovich [Catherwood], 31 AD2d 581). Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.

■ In the Matter of the Claim of MILDRED L. DAY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 1975, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective January 16, 1975 on the ground that claimant voluntarily left her employment without good cause. The position to which claimant was transferred entailed the performance of duties similar in nature to those required in the eliminated position and there was no title change or reduction in salary. Claimant's refusal to enter upon or even try to perform in the new position is evidence which substantially supports the board's finding that claimant's separation was voluntary, without good cause and, therefore, disqualifying. The finding is supported by substantial evidence and cannot be disturbed. (Matter of Bennett [Catherwood], 33 AD2d 946.) Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.