■ 'In the Matter of the Claim of BRUCE PARDOLL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 1975, which reversed the decision of a referee insofar as it was appealed from and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective August 10, 1974 because he voluntarily left his employment without good cause. On appeal to the Unemployment Insurance Appeal Board claimant did not dispute the finding that he made a willful misrepresentation to obtain benefits. In most instances, the issue of credible evidence is one of fact to be determined by the board and we find as to this claimant that there is substantial evidence to sustain the finding of the board. Decision affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of JOSEPHINE MIFSUD, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 27, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she was not available for employment. Claimant was an educational associate for the New York City Board of Education who tutored children in remedial work. Claimant last worked on June 26, 1975 and expected to return to work for the school year commencing September, 1975. She failed to report to the local unemployment office from July 16 to July 27, 1975 because she was on vacation and admits that she marked "O" in her appearance book for each day in issue, indicating she was not willing or able to work on those days. Although claimant now contends that the zeros in her insurance book were marked in error and that she was actually available for employment, she testified that she made only one job contact during the time period in issue. In addition, the local claims examiner stated that when he informed claimant she could not receive benefits for the time she was on vacation, she said that she should have lied about being away on vacation. There is substantial evidence in this record to support the factual finding of the board that claimant was not available for employment from July 16, 1975 to July 27, 1975 (Matter of Gaede [Lubin], 9 AD2d 588). In addition, on this somewhat conflicting record, credibility becomes an issue and that is a matter within the sole province of the board (Matter of Bennett [Catherwood], 33 AD2d 946). Decision affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.