■ In the Matter of the Claim of EDWARD S. ABADI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 24, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that he left his employment voluntarily and without good cause and willfully made false statements to obtain benefits. The claimant was on vacation from June 7 to July 7, 1975. He contends that the employer informed him that he was "fired". He filed for benefits alleging he was fired for "no reason". The employer's representative testified that on June 18 the claimant went to the employer's place of business and advised the employer he was resigning. When asked to put his resignation in writing, he refused. Thereafter the employer wrote the claimant—who acknowledged receipt of the letter—advising him to report for work on July 8, which he refused to do. The board found that the credible evidence indicated that the claimant was not discharged by the employer, but quit his job, and that he voluntarily left his employment without good cause and willfully misrepresented the reason for leaving his employment. The issues involved in this appeal are factual and there is, on the record, substantial evidence to sustain the finding (see *Matter of Fazio [Levine],* 49 AD2d 790). Decision affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of PURVIS BUSH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 16, 1975, which affirmed the decision of a referee holding that since claimant failed to request a hearing within the statutory period the determination of the Industrial Commissioner remained in effect. The evidence is clear that claimant was mailed a notice of determination on June 14, 1974 and did not request a hearing until April 1, 1975. Since a hearing was not requested within 30 days after the mailing of the notice of the Industrial Commissioner (Labor Law, § 620, subd 1, par [a]), the referee is barred from deciding the issues involved in claimant's case and the initial determination must remain in effect. Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of JOSEPH A. SIMONE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 24, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because he was unavailable for employment. The issue of availability for employment is one of fact and if the board's determination thereof is supported by substantial evidence, it must be affirmed *(Matter of Bennett [Catherwood],* 33 AD2d 946). Examination of this record demonstrates the existence of such evidence and, accordingly, we must affirm the board's