■ In the Matter of the Claim of LIPA EIDELMAN, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 22, 1976. The claimant is a Rabbi and, prior to the closing of school in June, 1976, he had taught religion or religious studies at Misifta Tifereth Jerusalem for more than 10 years. By initial determinations made on July 30, 1976 the local office ruled that the claimant on July 24, 1975 and June 29, 1976 had made willful misrepresentations to obtain benefits when he answered "no" to a question on his original claim form asking: "14. Are you related in any way to any of the persons for whom you worked or performed any services during the past 12 months?" The charge of a willful misrepresentation brought a total forfeiture of eight effective days and was based upon the theory that because the claimant's son was the executive director of the employer organization, the claimant must have worked for him. The claimant duly contested these initial determinations and the sole evidence in this record is that the claimant's son was nothing more than a coemployee insofar as working relationships were concerned. The board, however, affirmed these initial determinations. The respondent upon this appeal states that he "no longer disputes claimant's contention that he performed no work for his son." Since the record contains no substantial evidence of a willful misrepresentation of that fact, the board has erred in sustaining the

forfeiture of eight effective days. By initial determination made on August 26, 1976 the claimant was ruled ineligible for benefits because of "unavailability" upon the grounds of a failure to actively seek work. This disqualification was effective August 16, 1976 and was sustained in the decision appealed from. The record contains a summary of interview dated August 26, 1976 wherein the claimant states that he has not looked for work and did not intend to look until the registration for school started. A hearing was held before a referee on September 3, 1976 and the claimant submitted a list of a few job contact attempts and testified that he was reading the "Jewish papers" for advertisements for teachers of religious studies. The efforts of the claimant were meager for the area of New York City and he offered the explanation that schools did not hire until new pupil registration was in progress and he was waiting for that time. Upon the present record the failure of the claimant to more actively contact prospective employers does permit the inference that he was not actively seeking employment and the board's decision of unavailability is supported by substantial evidence (see, e.g., *Matter of Blitstein [Levine],* 50 AD2d 690). Decision modified by reversing so much thereof as sustained the initial determination imposing a forfeiture of eight effective days, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.