480 P.2d 611

Warner C. MILLS, Commissioner of Law Enforcement, State of Idaho, Plaintiff-Respondent,

v.

James G. HOLLIDAY, Defendant-Appellant.

No. 10442.

Supreme Court of Idaho.

Feb. 1, 1971.

---

18

Lloyd J. Walker, Twin Falls, for defendant-appellant.

Robert M. Robson, Atty. Gen., Martin R. Ward, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McQUADE, Chief Justice.

James G. Holliday, defendant-appellant, was driving a pickup truck on the evening of April 12, 1968, near Shoshone, Idaho, when he was stopped by Officer Ronald Eggleston of the Idaho State Police. Officer Eggleston had observed appellant's vehicle weaving as it traveled upon the highway. Officer Eggleston spoke with the appellant, and upon being told by appellant that he was sleepy, advised appellant to stop and get some rest. The officer testified he could not detect any odor of alcohol from the appellant, and issued no citation.

Appellant testified that he attempted to find a motel room in Shoshone, drank one-half of a can of beer, and being unable to find a motel room drove on. Near Hailey, Idaho, approximately one hour later, appellant's truck overturned. Appellant contends that there was evidence to show he sustained a severe trauma to his head in the accident.

The first person to come upon the scene of the accident was Jim Eakin, a Blaine County employee. He took appellant to the county sheriff's office. Eakin did not detect the smell of alcohol about appellant as he drove him to the sheriff's office.

Officer Larry Plott of the Idaho State Police and Bryce Chugg, Blaine County deputy sheriff, returned to the scene of the accident with appellant. It was at the scene of the accident that Officer Plott first detected the odor of alcohol on appellant's breath. Appellant also appeared unsteady on his feet. Officer Plott asked appellant to perform several physical sobriety tests. When appellant failed these tests, Officer Plott asked appellant to take the chemical test provided for in I.C. § 49–352. Appellant stated in reply to the request that he would not take any tests. Appellant was then taken to a hospital, where the request was again made by Officer Plott, and again met with the same reply.

Subsequently, appellant was notified by the Department of Law Enforcement that his driver's license would be suspended for his refusal to take the chemical test, unless he requested a hearing. Appellant requested a hearing, which was held July 3, 1968. Subsequent to and based upon that hearing, the Department of Law Enforcement made "findings of fact" and conclusions of law

and suspended appellant's driver's license for violation of I.C. § 49-352.

The finding of fact of the Department of Law Enforcement was, in full, that,

"Pursuant to Section 49-352, Idaho Code, you have refused to take a chemical test of your breath or blood, to determine the alcoholic content of your blood."

On review to the district court, the suspension of appellant's license was upheld. That court stated, in its memorandum opinion:

"Petitioner requests this Court to accept his view of the evidence to the effect that his mental processes were impaired by the blow to his head he had received prior to the time he was requested to submit to a chemical test. But in doing so, the petitioner requests this Court to do precisely what the Legislature, by means of Section 67-5215(g), Idaho Code, says this Court shall not do—that is, 'The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.' I believe I am bound to follow the mandate just cited."[1]

 This Court held just last year that a "finding of fact" by the Department of Law Enforcement in a similar license suspension case was not a finding of fact at all, but rather a conclusion of law.[2] That finding was that,

"Pursuant to Section 49-352, Idaho Code, you have refused to submit to a chemical test of the blood to determine the alcohol content of the blood, at Moscow, Idaho."[3]

1. Memorandum Opinion, Case no. 22419, Fifth Judicial District, State of Idaho.

2. Mills v. Swanson, 93 Idaho 279, 460 P.2d 704, 705 (1969).

3. Id.

4. I.C. § 49-352; See Mills v. Swanson, supra, note 2.

5. F. Cooper, 2 State Administrative Law 471 (1965); K. Davis, 2 Administrative

The "finding of fact" in the case at bar is nearly identical, and is also a conclusion of law. Thus, there were no findings of fact rendered by the Department of Law Enforcement in this case. This is in clear contravention of I.C. § 67-5212, which states:

"A final decision or order adverse to a party in a contested case shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings."

Absent findings of fact, this Court has nothing upon which to base a determination of whether the conclusions of law of the administrative agency are justified. The case at bar offers a prime example of this difficulty. We cannot determine from the findings and conclusions of the Department whether the Department found that appellant was fully cognizant of what he was doing when he voiced his refusal to submit to the chemical test for alcohol content of his blood, or found that the voiced refusal was sufficient within the terms of the applicable statute[4] without consideration of the state of consciousness of the appellant. The latter conclusion, of course, is a question of law fully reviewable by this Court. It is the general rule that an agency order not supported by findings of fact where such findings are required will be set aside.[5] That general rule is implemented in Idaho by I.C. § 67-5212, which is drafted in mandatory terms. Were a remand for findings of fact not required, the

Law Treatise, §§ 16.01, 16.06 (1958); Securities and Exchange Com'n. v. Chenery Corp., 318 U.S. 80, 94-95, 63 S.Ct. 454, 87 L.Ed. 626 (1943); Securities Com'n. of Ind. v. Holovachka, 234 Ind. 135, 124 N.E.2d 380 (1955); Bay State Harness Horseracing & Breeding Assn., Inc. v. State Racing Com'n., 342 Mass. 694, 175 N.E.2d 244 (1961); L. A. Darling Co. v. Water Resources Com'n., 341 Mich. 654, 67 N.W.2d 890 (1955); Delaware, L. & W. R. Co. v. City of Hoboken, 10 N.J. 418, 91 A.2d 739 (1952).

**20**

requirement of that statutory section that a final decision *"shall* include findings of fact" would be meaningless. (Emphasis added.)

The judgment of the district court is reversed, and the order of the Commissioner of Law Enforcement is set aside. We remand this case for the Commissioner to make specific findings of fact and conclusions of law as provided by statute.

McFADDEN, DONALDSON, SHEPARD, and SPEAR, JJ., concur.