780 P.2d 1115

**CALLENDERS, INC., an Idaho corporation, Plaintiff–Respondent,**

v.

**Ernest BECKMAN and Ann Beckman, husband and wife, individually and the community of them composed, and Western Mining and Exploration, Inc., an Idaho corporation, Defendants–Appellants.**

No. 17363.

Court of Appeals of Idaho.

April 3, 1989.

Rehearing Denied May 26, 1989.

Petition for Review Denied Oct. 20, 1989.*

Richard B. Eismann, Caldwell, for defendants-appellants.

White, Ahrens, Peterson & Perry, Nampa, for plaintiff-respondent. Philip A. Peterson argued.

HUNTLEY, Judge Pro Tem.

This is an appeal by Ernest and Ann Beckman challenging an order refusing to set aside a stipulation or to alter or amend the judgment entered pursuant to the stipulation.

The issues on appeal are whether the trial court erred in failing to make more detailed findings on Beckmans' claims of mutual mistake, fraud and lack of fair dealing and whether the record establishes that Beckmans are entitled to a judgment as a matter of law. We affirm.

This case involves a rather complex set of documents setting up an option to purchase a ranch, including certain mining claims, by the Beckmans as purchasers from Callenders, Inc. as seller. It is not necessary to the resolution of this appeal to provide a detailed statement of the underlying contract documents and the facts applicable thereto.

Callenders and Beckman, an Idaho partnership between Callenders, Incorporated and Ernest Beckman, acquired the "Webster Ranch" through the assignment of certain escrow contracts. On January 17, 1986, the Callenders and Beckman Partnership was dissolved. Immediately prior to the dissolution, the partnership granted Beckman an option to purchase the Webster Ranch. Upon dissolution, the partnership assigned all of its interest in the Webster Ranch to Callenders, subject to Beckman's option to purchase.

Beckman was unable to raise the money to meet the expiration date in the original option to purchase, so on October 27, 1986, Callenders and Beckman executed a Consideration Agreement which extended the Option Agreement. Some time later, Beckman advised Callenders that in lieu of the cash payment required to exercise the option, he was tendering a "credit" against $736,089.50 which he announced Callenders owed him as a result of unresolved partnership "bookkeeping errors." Beckman froze the escrow relating to the Webster Ranch property, recorded an affidavit to cloud the title and notified other potential buyers that he had exercised the option. In response, Callenders filed an action to

*Dissenting opinion on denial of review will be published.

quiet title on December 18, 1986. While the Consideration Agreement was still in full force and effect, Callenders signed a contract to sell the Webster Ranch to a Mr. Rumsey in June of 1987. Therefore, Callenders and Beckman entered into a stipulation and order on August 1, 1987, designed to settle portions of the lawsuit. The portion of the stipulation relevant to this appeal, Paragraph 7(c), stated that Callenders' ability to sell Beckman the mineral rights in the Webster Ranch was contingent upon its ability to obtain Rumsey's approval. If Callenders failed to obtain Rumsey's approval, Beckman's option to purchase the entire ranch would be left open and he would only have to pay half of the potential $200,000 deficiency sum he would otherwise have had to pay. A judgment subsequently was entered consistent with the terms of the stipulation.

On August 28, 1987, Callenders notified Beckman that "after lengthy discussions between Callenders and the buyers under the Rumsey Agreement, no accord has been reached as to whether Callenders have the authority, under the Rumsey Agreement, to transfer the Webster Ranch mineral rights to Beckman pursuant to Paragraph 7(b) of the Stipulation and Order.... Accordingly, Callenders hereby invokes the provisions of Paragraph 7(c) of the Stipulation and Order and, as provided therein, the provisions of Subparagraphs 7(a) and (b) [which explained Beckman's mineral rights] of the Stipulation and Order shall be of no effect, the Consideration agreement shall remain in force and effect, and the credit set forth in Paragraph 3 of the Stipulation and Order is reduced to $100,000.00."

Beckman then attempted to exercise his option to purchase the entire ranch, but his arrangements for a $400,000 loan fell through because he could not assure clear title on the property. Beckman filed a motion to set aside and vacate the Stipulation and Order and resulting judgment. Beckman's motion was based on the ground that the Stipulation was either entered into on the basis of a critical mistake or as a result of the fraud committed by Callenders, that Callenders thwarted Beck-

man in his efforts to exercise the option by failing to correct objections to the title and that Callenders breached a duty of good faith and cooperation in the performance and enforcement of the Stipulation. The court denied Beckman's motion, but stated:

9. This Judgment is made subject to resolution of defendants' claims of misrepresentation and mutual mistake made in their Motion to Stay Further Proceedings etc. Under the Subject Stipulation and Order and Motion to Set Aside and vacate the Subject Stipulation and Order, dated September 21, 1987, and September 24, 1987, respectively, which Motions are set for hearing on October 27, 1987.

Beckman brought an amended motion to set aside the stipulation and judgment. A hearing was held at which live testimony and other evidence was considered by the court. Following the hearing, the court entered a memorandum opinion and order denying Beckman's claims and stating in part:

The record reflects that the stipulation was arrived at through negotiation between the parties, each represented by competent counsel. The record and evidence do not disclose fraud, a mutual mistake that would void the agreement or a lack of good faith and fair dealing by the plaintiff. The motion to set aside the stipulation is denied.

This appeal was pursued by the Beckmans because the district court denied the Beckmans' two motions. As noted, the first was a motion filed prior to judgment, seeking to set aside the stipulation which ultimately resulted in the judgment. The other was a motion to alter or amend the judgment after it was entered, again seeking to set aside the stipulation. The Beckmans carried the burden of convincing the court that they were entitled to relief on one or the other of the motions. The court, after hearing the positions of both parties on the question, found that there was no basis on the grounds asserted by the Beckmans to set aside the stipulation. The judgment pursuant to the stipulation, quieting title to the Webster Ranch in Callenders, Inc., was left in force.

From our independent review of the appellate record, we are not that persuaded the district court erred. Our review of the record establishes that there was substantial competent evidence to support the ruling of the trial court that Callenders, Inc. had in all respects complied with the requirements of the stipulation for entry of judgment (denominated stipulation to resolve certain claims and order). Additionally, there is no basis for a finding that Beckman was entitled to a judgment as a matter of law on: mutual mistake; fraud; or lack of good faith and fair dealing on the part of Callenders, Inc., or its agents. The absence of more particularized findings in this regard actually follows from the Beckmans' failure to provide convincing proof to the trial court. *E.g., Viehweg v. Thompson*, 103 Idaho 265, 647 P.2d 311 (Ct.App. 1982).

Accordingly, the amended judgment entered by the district court is in all respects affirmed and since this appeal presented no substantial question of law, but merely was an invitation for this Court to re-find factual issues appropriately resolved by the district court, we award attorney fees on appeal, as well as costs, to the respondent, Callenders, Inc.

WALTERS, C.J., and WINMILL, J. Pro Tem, concur.