788 P.2d 1319

**CALLENDERS, INC., an Idaho Corporation, Plaintiff/Respondent,**

v.

**Ernest BECKMAN and Ann Beckman, husband and wife, individually, and the community of them composed, and Western Mining and Exploration, Inc. an Idaho corporation, Defendants/Appellants.**

**No. 17363.**

Supreme Court of Idaho.

Oct. 23, 1989.

## ORDER DENYING PETITION FOR REVIEW

A PETITION FOR REVIEW was filed by Appellants June 16, 1989, and supporting BRIEF on June 30, 1989, from the Opinion of the Court of Appeals issued April 3, 1989. 116 Idaho 857, 780 P.2d 1115. The Court is fully advised; therefore, after due consideration,

IT IS HEREBY ORDERED that the PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by Bistline, J., be, and hereby is, RELEASED.

BISTLINE, Justice, dissenting from denial of petition for review.

This is a case in which Justice Huntley sat by assignment on the Court of Appeals and in which he wrote the opinion. The majority of this Court has paid deference to our highly respected former colleague by denying review. In so doing, the majority has ignored a vital principle of law governing trial courts which we have repeatedly stressed in recent opinions: A trial court must delineate sufficient findings of fact and conclusions of law to afford the parties

and reviewing courts meaningful guidance concerning the basis of the trial court's decision.

Idaho Rules of Civil Procedure 52(a) imposes an affirmative duty upon trial courts to issue findings of fact and conclusions of law as a predicate to entry of judgment. *Stecklein v. Montgomery,* 98 Idaho 671, 676, 570 P.2d 1359, 1364 (1977) (Bistline, J., concurring specially). *See also* 9 Wright & Miller, *Federal Practice and Procedure* § 2578 (1971). The failure of a trial court to make such findings effectively deprives appellate courts of their ability to review the actions of the trial court. Accordingly,

> [t]he absence of findings and conclusions may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question. Absent such circumstances, the failure of the trial court to make findings of fact and conclusions of law concerning the material issues arising from the pleadings, upon which proof is offered, will necessitate a reversal of the judgment and a remand for additional findings and conclusions, unless such findings and conclusions would not affect the judgment entered.

*Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 996 (1982) (emphasis in original; citations omitted). The present dispute between the Beckmans and Callenders, Inc., presents an excellent example of the merit in fulfilling the rule stated in *Pope.* The record before us on appeal is seven hundred twenty-six pages long. Complex contractual issues were presented and the fact situation is convoluted. Yet the trial court's memorandum opinion and order is scarcely more than a page long, stating in relevant part only as the basis for its ruling:

> The motion to set aside the stipulation is based upon claim of fraud, mistake, and lack of good faith and fair dealing on the part of the plaintiff. The record reflects that the stipulation was arrived at through negotiation between the parties, each represented by competent counsel. The record and evidence do not disclose fraud, a mutual mistake that would void the agreement or a lack of good faith and fair dealing by the plaintiff. The motion to set aside the stipulation is denied.[1]

R. at 694. This cursory recitation of claims and conclusions is hardly the specific findings of fact and conclusions of law envisioned by I.R.C.P. 52(a) or by the myriad of cases interpreting the rule. This Court has reversed or remanded cases for more findings where the findings and conclusions were considerably more thorough than those the majority here approves. *See, e.g., Owen v. Boydstun,* 102 Idaho 31, 624 P.2d 413 (1981). The Court of Appeals response, however, was that "[t]he absence of more particularized findings ... actually follows from the Beckmans' failure to provide convincing proof to the trial court." 1989 Opinion No. CA–61 at 4. That ruling completely sidestepped the issue the Court of Appeals and this Court were asked to address. The fact that a party does not persuade the trial court to adopt a certain position does not relieve the trial court of its Rule 52(a) duty to make specific findings of fact.

The Court's minutes of public record in the clerk's office will woefully reflect that mine was the only vote for granting review. To vote for review does not suggest error, but does strongly indicate that there appears before us a district court decision which after review by the tree judges of the Court of Appeals is entitled to further review by this five-member Court. Our review was merited by reason of the trial

---

1. An anomalous situation is here presented. There was, of course, a motion to set aside the stipulation. Yet, in this very same year this Court in a case where similarly the parties had entered into a stipulation at trial, with no ensuing motion to set aside the stipulation, the trial court was nevertheless reversed—apparently for respecting a stipulation properly entered into. Perhaps some scholar of the law may be able to reconcile this case with that one, noting that in the latter the Court's opinion (Slip Op., p. 3) correctly recites that the prosecutor had stipulated that "Lewiston Police Department and its premises were not at the time of defendant's arrest an approved or certified direct breath alcohol testing laboratory." *State v. Wilson,* 116 Idaho 771, 780 P.2d 93 (1989).

court's failure to make detailed findings and the Court of Appeals' theorizing that "the absence of more particularized findings ... follows the Beckmans' failure to provide convincing proof to the trial court." But at stake here is also the deleterious effect such summary rulings, and this Court's summary denial, will have on extremely competent counsel who at great expenditure of time has furnished us with an exhaustive and well documented brief, undoubtedly prepared and submitted with confidence that review would surely be granted. In fact-finding forums where Rule 52(a) in inapplicable, such as the State Bar Commissioners and boards of county commissioners, the Court has consistently held that failure to make specific findings of fact violates due process of law. *Dexter v. Idaho State Bar Bd. of Com'rs,* 116 Idaho 790, 780 P.2d 112 (1989); *Cooper v. Board of County Com'rs of Ada County,* 101 Idaho 407, 411, 614 P.2d 947, 951 (1980). Yet today's majority decision would seem to indicate that trial courts—traditionally the forum where most fact-finding takes place—will not be held to that same due process standard. That is an illogical and aberrant result from which I strongly dissent.