**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 52625**

| | |
|---|---|
| In the Matter of the Verified Petition for a Declaration and a Writ of Mandamus. | ) ) |
| ------------------------------------------------------------- | ) |
| TESSA J. BENNETT and BROOKS M. WITZKE, | ) ) ) |
| Petitioners, | ) ) ) |
| v. | ) ) |
| IDAHO STATE BAR, and MARY V. YORK in her official capacity as President of the Board of Commissioners, and JAMES L. MARTIN in his official capacity as the Chairman of the Professional Conduct Board, | ) ) ) ) ) ) |
| Respondents. | ) ) ) |

**Boise, February 2025 Term**

**Opinion Filed: February 7, 2025**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Verified Petition for a Declaration and a Writ of Mandamus by Original Jurisdiction and Request for Expedited Review is <u>denied</u>.

Tessa J. Bennett, Meridian, and Brooks M. Witzke, Fernwood, Petitioners.

Idaho State Bar, Mary V. York and James L. Martin, Boise, Respondents.

_____

PER CURIAM[1]

This matter is before the Court on a Verified Petition for a Declaration and a Writ of Mandamus by Original Jurisdiction and Request for Expedited Review, filed by Brooks M. Witzke and licensed Idaho attorney Tessa J. Bennett (collectively, "Petitioners"). Petitioners request that the Court issue a declaratory ruling and writ of mandamus that will permit Witzke to represent Bennett in a disciplinary proceeding in which the Idaho State Bar ("ISB") has charged Bennett by formal Complaint with multiple violations of the Idaho Rules of Professional Conduct and is

---

[1] Justice Robyn Brody has recused herself in this case and took no part in the decision issued by the Court today.

1

seeking to have her disbarred.[2] Although Witzke is not a licensed attorney, he claims to be "one of America's top experts" on the subjects of "bar admissions, legal ethics, the Americans with Disabilities Act in the context of occupational licensure, and the First Amendment rights of attorneys and bar applicants in speech criticizing authority figures." Because Bennett is facing disbarment for conduct that Petitioners believe implicates these subjects, Petitioners submit that Bennett "needs [Witzke] to advocate for her" in the ISB disciplinary proceeding because "he is the only person in this State that can help her now, not to mention the most qualified."

The Petition contains three specific claims for relief. First, "Petitioners seek a declaration from this Court that [Witzke] is allowed to act as [Bennett's] counsel in the disbarment proceedings without such representation constituting the unauthorized practice of law." Second, they ask the Court to "issue a Writ of Mandamus ordering the Respondents to permit [Witzke] to represent [Bennett] in her ISB disciplinary proceeding with all rights, duties, and responsibilities as someone licensed and in good standing with the ISB." Third, they ask the Court to expedite its review of the Petition because Bennett "is facing disbarment, the proceedings are pending, and she is unable to represent herself."

Although we have expedited our review of this matter, for the reasons set forth herein, the substantive claims for declaratory relief and a writ of mandamus are denied.

## I. ANALYSIS

This Court's jurisdiction to issue writs of mandamus, as well as declarations of law necessary for the adjudication of such writs, stems from Article V, section 9 of the Idaho Constitution, which states: "The Supreme Court shall ... have original jurisdiction to issue writs of mandamus, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of its appellate jurisdiction." *See Idaho State Athletic Comm'n by & through Stoddard v. Off. of the Admin. Rules Coordinator*, 173 Idaho 310, ___, 542 P.3d 718, 726 (2024) ("[T]he Idaho Constitution grants this Court original jurisdiction to issue the writs enumerated in Article V, section 9 and only grants this Court original jurisdiction to issue a declaration of law

---

[2] Petitioners purported to file this original action "under seal," presumably because it involves an attorney discipline proceeding arising out of alleged violations of the Idaho Rules of Professional Conduct. However, because a formal charge Complaint has been filed, the disciplinary proceeding is a matter of public record. *See* I.B.C.R. 521(c) (with limited exceptions not relevant here, "[a]fter the filing and service of Formal Charges or a petition for reinstatement, the proceedings in a Professional Conduct matter are public …"). As Petitioners have not asked for or obtained an order from this Court sealing any documents filed in this original proceeding, those documents are also matters of public record. *See*, *e.g.*, I.C.A.R. 32(d)(7), (i); I.C. § 74-102.

2

when necessary to adjudicate a claim for one of the enumerated writs."). "Any person may apply to the Supreme Court for the issuance of any extraordinary writ or other proceeding over which the Supreme Court has original jurisdiction." I.A.R. 5(a). However, before a writ will issue, the petitioning party must demonstrate both that it has standing and that it has properly invoked this Court's jurisdiction. *Idaho State Appellate Public Defender v. Fourth Jud. Dist. Court*, 173 Idaho 140, ___, 540 P.3d 311, 319, 325-36 (2023) (explaining standing is a "threshold question of justiciability," and "even if a party has standing, it must still establish that it has properly invoked this Court's jurisdiction"); *The Assoc. Press v. Second Jud. Dist.*, 172 Idaho 113, 120, 529 P.3d 1259, 1266 (2023) (same).

To establish standing, the petitioning party "must allege or show (1) a distinct palpable injury in fact, (2) a substantial likelihood the judicial relief requested will prevent or redress the claimed injury, and (3) a causal connection fairly traceable between the injury and the conduct complained of." *Hepworth Holzer, LLP v. Fourth Jud. Dist. of State*, 169 Idaho 387, 393, 496 P.3d 873,879 (2021) (citing *Valencia v. St. Alphonsus Med. Ctr. – Nampa, Inc.*, 167 Idaho 397, 402, 470 P.3d 1206, 1211 (2020)). To demonstrate a proper invocation of this Court's original jurisdiction, the petitioner must show "a clear legal right to the relief sought." *Labrador v. Idahoans for Open Primaries*, ___ Idaho ___, 554 P.3d 85, 92 (2024) (citing *Brady v. City of Homedale*, 130 Idaho 569, 571, 944 P.2d 704, 706 (1997)). A writ of mandamus may be issued only "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station[.]" I.C. § 7-302. Thus, a party seeking a writ of mandamus must show "a clear right to have done that which the petitioner seeks" and "a clear legal duty of the officer to so act." *Labrador*, ___ Idaho at ___, 554 P.3d at 92 (citing *Brady*, 130 Idaho at 571, 944 P.2d at 706).

In this case, Petitioners assert that Bennett's standing to pursue a declaratory ruling and a writ of mandamus compelling Respondents to permit Witzke to represent her in the ISB proceedings is "obvious" because she "is facing the potential loss of her livelihood and a significant property interest more valuable to her than her home… and [she] needs [Witzke] to advocate for her …." They argue that Witzke has standing because his representation of Bennett, "and any restrictions on his ability to do so, implicate fundamental First Amendment rights." According to Petitioners, Witzke has suffered an injury in-fact because, although "he intends to immediately begin representing [Bennett]" in the ISB proceeding, "his expression is being chilled"

3

by a credible threat that he could be accused of engaging in the unauthorized practice of law. Petitioners further contend that the alleged injury can only be redressed by a ruling from this Court declaring that Witzke is eligible to serve as Bennett's "counsel."

On the question of whether they have properly invoked this Court's original jurisdiction, Petitioners argue that the requested declaration and writ should issue because Witzke's representation of Bennett in the ISB disciplinary proceedings would not constitute the unauthorized practice of law. In support of their argument, Petitioners assert that the ISB is a self-governing administrative agency, and that disciplinary proceedings are likewise administrative in nature and subject to the procedures set forth in the Idaho Administrative Code. In particular, Petitioners cite Rule 62.01.01.227 of the Idaho Administrative Code for the proposition that, "in a contested case," "[p]arties may be represented by an attorney …, by themselves, or by a person of their choice *if not otherwise prohibited as the unauthorized practice of law*." (Emphasis added). Because they believe the ISB disciplinary action is a "contested case," and because the Bar Commission Rules do not explicitly "require active Idaho Licensure to represent another before an administrative licensure proceeding involving attorney discipline," Petitioners submit that Witzke's representation of Bennett in the ISB disciplinary proceeding would not amount to the unauthorized practice of law.

Petitioners also suggest that this Court should issue the requested declaration and writ to protect Bennett's rights. Specifically, they assert:

> Here, [Bennett] is asking this Court to declare [Witzke] as a person permitted to represent [Bennett]. [Bennett] is seeking to be represented by the top expert in Idaho (and possibly America) and she has the right to bring in the *counsel* of her choice. Where there is no validly enacted rule requiring active law licensure to represent another party in an ISB proceeding, enforcing such an imaginary rule in this instance would violate [Bennett's] substantive rights because this Court would be enforcing either irrelevant or non-existent rules to reach a decision adverse to her.

(Emphasis added.)

We conclude that Petitioners have failed to show any legal right—much less a clear one—to a declaratory ruling and writ of mandamus that would permit Witzke to represent Bennett in the ISB proceedings without such representation constituting the unauthorized practice of law. Even assuming Petitioners have standing to invoke the Court's original jurisdiction, and that the request for a declaratory ruling and writ of mandamus is otherwise proper (neither of which is at all clear),

4

Petitioners' claim that Witzke's representation of Bennett in the ISB disciplinary case would not constitute the unauthorized practice of law is patently incorrect and betrays a fundamental misunderstanding of the nature of attorney discipline proceedings.

This Court has repeatedly held that attorney discipline matters are judicial, rather than administrative, in nature. *See*, *e.g.*, *Idaho State Bar v. Souza*, 142 Idaho 502, 505, 129 P.3d 1251, 1254 (2006) ("Attorney discipline matters are judicial in nature, rather than administrative, and the responsibility for assessing facts and ordering sanctions rests with this Court."); *Idaho State Bar v. Frazier*, 136 Idaho 22, 30, 28 P.3d 363, 371 (2001) (same); *Matter of Jenkins*, 120 Idaho 379, 386, 816 P.2d 335, 342 (1991) ("Disciplinary matters are judicial and not administrative nor truly appellate in nature."). Similarly, the Court has held that "the bar commissioners 'are part of the judicial rather than the executive branch,'" and that "[t]he designation of the board of commissioners as part of the department of self-governing agencies for governmental organization purposes does not affect this characterization." *Matter of Malmin*, 126 Idaho 1024, 1027–28, 895 P.2d 1217, 1220–21 (1995) (quoting *Dexter v. Idaho State Bar Bd. of Comm'rs*, 116 Idaho 790, 792, 780 P.2d 112, 114 (1989), and citing I.C. § 67-2601(2)(b)). By statute, the ISB Board of Commissioners is charged with "formulat[ing] rules governing the conduct of all persons admitted to practice" law in this state, and with "investigat[ing] and pass[ing] upon all complaints that may be made concerning the professional conduct of any person admitted to the practice of law." I.C. § 3-408. *See also* I.C. § 3-412 ("The board of commissioners shall establish rules, subject to the approval of the Supreme Court, governing procedure in cases and investigations involving alleged misconduct of members of the Idaho State Bar, and to make and create committees for the purpose of investigating complaints and charges, which committees may be empowered to recommend to the board discipline ...."). Thus, contrary to Petitioners' assertions, ISB disciplinary proceedings are not subject to the procedures set forth in the Idaho Administrative Code. Rather, they are governed by the Idaho Bar Commission Rules and, to the extent they are not inconsistent, by the provisions of Title 3, chapters 3 and 4 of the Idaho Code. *See Idaho State Appellate Public Defender*, 173 Idaho at ___, 540 P.3d at 327 (the Idaho Bar Commission Rules, promulgated by the ISB Board of Commissioners and adopted by the Idaho Supreme Court, "set forth the 'requirements, qualifications and procedures for admission to the practice of law in the State of Idaho and maintenance of membership in the Idaho State Bar'" (quoting I.B.C.R. 101)); *Kosmann v. Dinius*, 165 Idaho 375, 385, 446 P.3d 433, 443 (2019) (same); *Matter of Malmin*, 126 Idaho at

5

1029, 895 P.2d at 1222 ("To the extent that the bar commission rules concerning the discipline of lawyers conflict with the Idaho Code, the bar commission rules control.")

Although the Bar Commission Rules do not address representation of a lawyer subject to disciplinary proceedings, Idaho Code section 3-415 does. Specifically, the statute states:

> Any member of the Idaho State Bar complained of shall have notice and opportunity to defend by the introduction of evidence and the examination of witnesses called against him, and the right to be represented *by counsel*. …

I.C. § 3-415 (emphasis added). Based on this provision, there can be no question that Bennett is entitled to representation in the disciplinary proceedings. However, the person she chooses to represent her must be an attorney—i.e., "counsel"—duly licensed to practice law in Idaho. The reason for this is clear—because ISB disciplinary proceedings are judicial in nature, the giving of legal advice, drafting of documents, and appearance before the disciplinary authority on Bennett's behalf are activities that fall squarely within the ordinarily understood definition of the practice of law.[3] *See Idaho State Bar v. Meservy*, 80 Idaho 504, 508, 335 P.2d 62, 64 (1959) ("The practice of law as generally understood, is the doing or performing services in a court of justice, in any matter [pending] therein, throughout its various stages, and in conformity with the adopted rules of procedure. *But in a larger sense*, it includes legal advice and counsel, and the *preparation of instruments and contracts by which legal rights are secured, although such matter may or may not be [pending] in a court*." (emphasis in original) (internal quotation marks and citation omitted).)

Witzke is not a licensed attorney in this or any other state. Thus, his self-proclaimed expertise notwithstanding, he may not represent Bennett in the ISB disciplinary proceedings without engaging in the unauthorized practice of law. Witzke and Bennett have failed to establish "a clear right to have done that which the petitioner seeks" and "a clear legal duty of the officer to so act." Therefore, we need not address the remaining issues raised in the petition. Accordingly, Petitioners' requests for a declaratory ruling and for a writ of mandamus compelling Respondents to permit Witzke to represent Bennett in the ISB disciplinary proceedings are denied.

---

[3] Notably, even if ISB's status as a self-governing agency did make disciplinary proceedings administrative in nature, as Petitioners contend, Witzke's representation of Bennett in those proceedings would still constitute the unauthorized practice of law. *See Steen v. Denny's Rest.*, 135 Idaho 234, 236, 16 P.3d 910, 912 (2000) (quoting *Kyle v. Beco Corp.*, 109 Idaho 267, 271, 707 P.2d 378, 382 (1985)) ("'representation of another person before a public agency or service commission constitutes the unauthorized practice of law, where the proceedings before those tribunals are held for purposes of adjudicating the legal rights or duties of a party'").

## II. CONCLUSION

The Verified Petition for a Declaration and a Writ of Mandamus by Original Jurisdiction and Request for Expedited Review is DENIED.